UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



The New York City District Council of
Carpenters,

                Petitioner,

–v–

Nguyen Custom Woodworking LLC,

                Respondent.

18-cv-3970 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Petitioner's motion to confirm an arbitration award against Respondent Nguyen Custom Woodworking LLC. Dkt. No. 1, Pet. to Confirm Arbitration Award ("Pet."). Because Respondent has failed to appear, the motion is unopposed. For the following reasons, the Court grants the motion to confirm the arbitration award.

I.     Background

Petitioner, the New York City District Council of Carpenters (the "Union"), is a labor organization and the certified bargaining representative for certain employees of Respondent. Pet. ¶ 4. On June 26, 2007, Respondent executed an Independent Shop Agreement ("Independent Agreement") with Petitioner. Pet. ¶ 6; see Dkt. No. 1, Ex. A. Respondent and Petitioner also executed an Independent Building Construction Agreement (the "CBA"). Pet. ¶ 9; see Dkt. No. 1, Ex. C. The CBA and the Independent Agreement requires Respondent to pay wages to employees covered by the CBA at the agreed upon wage rate determined by the Union. Pet. ¶ 10.

1

Under the CBA and Independent Agreement, if there exists a dispute between the Union and Respondent, either party "may advise the other of an alleged grievance." Pet. ¶ 12. Pursuant to the CBA and Independent Agreement, unresolved grievances are brought to arbitration before a designated arbitrator. Pet. ¶ 13. The CBA specifies that the arbitrator's decision "shall be final and binding upon both parties and may be entered as a final decree or judgment...in a court of appropriate jurisdiction...." Pet. ¶ 13.

A dispute arose between the Union and Respondent when Respondent failed to pay fringe benefits and wages to its employee, Aquilesi Guante. Pet. ¶ 16; *see* Dkt. No. 1, Ex. D. The grievance remained unresolved, and so the Union submitted the grievance to arbitration pursuant to the CBA's arbitration clause. Pet. ¶ 17; *see* Dkt. No. 1, Ex. E. The arbitrator determined that Respondent violated the CBA and awarded Petitioner a total of $110,261.37. *See* Pet. ¶¶ 20-22. Respondent has not paid any portion of the award. Pet. ¶ 23.

On May 3, 2018, Petitioner filed this lawsuit. Dkt. No. 1. On May 8, 2018, Petitioner filed an affidavit of service indicating that Petitioner had served Respondent. Dkt No. 8. Notwithstanding prodding by Court orders, *see* Dkt. Nos. 7, 10, Respondent has not appeared or responded to Petitioner's motion to confirm its arbitration award. The Court now resolves the unopposed motion.

## II. Standard of Review

As a general matter, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). A court "'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Id.* (quoting 9 U.S.C. § 9). An arbitrator's award is entitled to

2

"significant deference." *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F. App'x 756, 760 (2d Cir. 2013). An award should be confirmed so long as the arbitrator "acted within the scope of his authority" and "the award draws its essence from the agreement." *Local 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted). Only "a barely colorable justification for the outcome reached" by the arbitrator is required to confirm the award. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

An unanswered motion to confirm an arbitration award should be treated "as an unopposed motion for summary judgment." *Id.* "In essence, 'the petition and the accompanying record' become 'a motion for summary judgment.'" *Trs. of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H. Blair & Co.*, 462 F.3d at 109). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). The same standard applies to unopposed motions for summary judgment. *See Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Even when the summary judgment motion is unopposed, the court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing

3

evidentiary matter is presented." *Id.* (emphasis omitted) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

### III. The Court Grants Petitioner's Motion to Confirm the Arbitration Award

Petitioner asks the Court to (1) confirm the arbitration award, (2) award Petitioner attorney's fees and costs, and (3) award post-judgment interest. Pet. ¶ 33. The Court grants Petitioner's requests.

#### A. Arbitration Award

For the following reasons, the Court concludes that there are no genuine issues of material fact and that Petitioner is entitled to confirmation of the arbitration award.

First, Petitioner has presented undisputed evidence demonstrating that arbitration was appropriate in this case and that the arbitrator acted within the scope of his authority. The CBA and the Independent Agreement between Petitioner and Respondent expressly required the parties to submit to arbitration to resolve disputes. *See* Dkt. No. 1, Ex. C at Article XII, Section 2; Dkt. No. 1, Ex. A at Article IX Section 14(b). Respondent was thus subject to arbitration once the dispute was submitted to arbitration by the Union. Although Respondent failed to appear for arbitration, the arbitrator found that Respondent had been given sufficient notice of the arbitration. Dkt. No. 1, Ex. F at 1.

Second, there is no evidence to suggest that the amount awarded by the arbitrator was improper. The CBA required Respondent to pay fringe benefits and wages to its employee, Aquilesi Guante. Pet. ¶ 16; Dkt. No. 1, Ex. D. As a result, the arbitrator's conclusion that the Petitioner and Guante were entitled to wage and benefit funds stemming from Respondent's violation has a reasonable basis that can be inferred from the facts, which is sufficient for this Court to confirm the award. *D.H. Blair & Co.*, 462 F.3d at 110. And because Respondent has

4

failed to oppose the motion to confirm the arbitration award, the Court has no evidence to suggest that the amount is baseless.

In light of the evidence submitted by Petitioner, the arbitrator's award had at least a "barely colorable justification." *Id.* As a result, the Court confirms the award of $110,261.37.

### B. Interest

Petitioner also seeks post-judgment interest on the arbitration award. Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of the entry of the judgment." Awarding post-judgment interest under § 1961 is mandatory and applies to actions to confirm arbitration awards. *Trs. for The Mason Tenders Dist. Council Welfare Fund v. Euston St. Servs., Inc.*, No. 15-cv-6628 (GHW), 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016). The Court therefore grants the request for post-judgment interest.

### C. Attorneys' Fees and Costs

Petitioners also move for attorneys' fees and costs. "[C]ourts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Abondolo v. H. & M.S. Meat Corp.*, No. 07-CV-3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases); *see also First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338*, 118 F.3d 892, 898 (2d Cir. 1997). Moreover, the CBA provides that Petitioners are entitled to reasonable attorney's fees and costs. *See* Dkt. No. 1, Ex. C, Article XII, Section 3; Dkt. No. 1 Ex. A, Article XVIII, Section 2. The Court will therefore award Petitioners' reasonable attorney's fees and costs.

While the Court has discretion to determine a reasonable fee, it must abide by procedural requirements for establishing the amount. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The lodestar amount—the product of multiplying a reasonable hourly rate and a reasonable number of hours required by the case—"creates a presumptively reasonable fee." *Id.* (internal quotation marks and citations omitted). To support their requested award, Petitioner's attorneys must submit "contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Innovative Furniture Installations, Inc.*, No. 14-CV-2508(ER), 2015 WL 1600077, at *5 (S.D.N.Y. Apr. 9, 2015) (internal quotation marks and citation omitted).

Petitioners were represented by two attorneys from the law firm of Virginia & Ambinder, LLP. Associate Paige Davis billed her time at a rate of $250 per hour. Pet. ¶ 27; Dkt. No. 1, Ex. G (the billing records). Todd Dickerson, "Of Counsel" at Virginia & Ambinder, billed his time at a rate of $300 per hour. Pet. ¶ 28; Dkt. No. 1, Ex. G. Legal assistants' time was billed at a rate of $90 per hour. Pet. ¶ 29; Dkt. No. 1, Ex. G. These rates have generally been found to be reasonable within the district. *See Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Regal USA Constr. Inc.*, No. 17-CV-4594 (AJN), 2018 WL 401515, at *3 (S.D.N.Y. Jan. 12, 2018) (collecting cases). Petitioner's attorneys billed a total of 5.9 hours on this case, amounting to $1,495 in attorney's fees, expended $75 in service fees, and $400 in filing fees. Pet. ¶¶ 31-32. This is a lower amount of time than previously approved amounts in similar cases. *See, e.g., Trustees of the New York City Dist. Council of Carpenters Pension Fund v. Harbor Island Contracting Inc.*, No. 14-CV-9507 (AJN), 2015 WL 5146093, at *3 (S.D.N.Y.

Aug. 31, 2015). The fees and costs requests are reasonable, adequately supported, and Petitioner's application is granted.

### III. Conclusion

Petitioners' motion to confirm the arbitration award of $110,261.37 is GRANTED. Post-judgment interest will accrue at the statutory rate. The Court also awards judgment in favor of the Petitioners in the amount of $1,495 in attorneys' fees and $475 in costs arising out of the proceeding. The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

Dated: November 13, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge

7